## Zackey v. Township of Upper Darby & Delaware County Memorial Hospital

*Anthony Rizzo*, for plaintiff.

*James F. Proud*, for defendant Township of Upper Darby.

*Joel Feldscher*, for defendant Delaware County Memorial Hospital.

LABRUM, *J.*, November 24, 1982—Plaintiff in this action fell on accumulations of snow and ice while visiting a patient at Delaware County Memorial Hospital in Upper Darby Township, Pa. She had driven from Lansdowne Avenue onto what had previously been Keystone Avenue. Keystone Avenue had been abandoned by defendant township in favor of defendant hospital. But the hospital had

provided metered parking spaces which were perpendicular to Keystone Avenue. Plaintiff parked in one of those spaces and later when returning to deposit more money in the meter, she fell in the parking space and broke her hip. Plaintiff filed suit against the hospital and the township.

At the time of trial, uncontradicted testimony established that the property upon which plaintiff parked her car and upon which she fell was owned by defendant Delaware County Memorial Hospital. The surface upon which she fell was in essence the hospital parking lot established for the purpose of serving hospital patients and other business invitees of the hospital.

Plaintiff entered into a joint tort feasor release with the Delaware County Memorial Hospital. After a two day trial, at the conclusion of the township's case, the trial court granted defendant township's motion for a non-suit. Plaintiff filed timely post-trial motions which were dismissed by order of this court dated July 28, 1982. An appeal followed to the Superior Court, hence this opinion.

In this case, plaintiff contends that an abutting property owner does have a duty to maintain a street, however, this case does not present any facts that would indicate that plaintiff fell upon property which could be construed as a street. The property upon which plaintiff fell was owned by the hospital and was used as a parking area for business invitees to the hospital. Although the area on which the parking meters were set at one time was a street, it in effect is a parking area without any thoroughfare.

Plaintiff relies on the Restatement (Second) of Torts, to argue her position that the township was in possession of the parking space. However, no cases are cited to substantiate this argument.

Plaintiff argues that the parking meters placed in

this area were there for the benefit of the township. No testimony was produced at the trial to substantiate this assertion. It could be equally assumed that the parking meters were placed for the benefit of the hospital to keep out people who had no business in the hospital or who sought parking spaces for extended periods of time.

It is true that a municipality under its police power has the right to regulate parking in parking areas by the imposition of meters. Mastrangelo v. Buckley, 433 Pa. 352, 250 A. 2d 447 (1969); William Laubach and Sons v. City of Easton, 347 Pa. 542, 32 A. 2d 881 (1943). Under the aforesaid cases, however, parking meters are a traffic regulation measure only and not a source of income or revenue to the municipality. The municipality provides the service which assists the owner of the parking space with its operation of the parking spaces.

Thus, it can be seen that the true beneficiary of the parking meters in this case was the hospital because the presence of the meters deterred long term parkers, high school student parkers who utilized other spaces not metered in this area and local resident parkers.

Although plaintiff was given the opportunity to present evidence that the township exercised any other control over the parking area in question other than the placing of the parking meters, plaintiff could produce no evidence. It was clear from the evidence presented that the area was controlled by the hospital and that, if there was any liability for plaintiff being injured because of accumulated snow and ice, that liability rested with the hospital. Since the hospital was released by a settlement agreement, the court felt it proper to grant the motion for a directed verdict since no liability was established on the part of the township.